IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF NEW MEXICO

JOHN ORLOVSKY

    Plaintiff,

vs.                                                     Case – 1:20-cv-01357

GEICO ADVANTAGE INSURANCE COMPANY,

    Defendant.

### DEFENDANT GEICO ADVANTAGE INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR DAMAGES

COMES NOW Defendant GEICO Advantage Insurance Company, by and through its attorneys of record, O'BRIEN & PADILLA, P.C., by Daniel J. O'Brien and Jeffrey M. Mitchell, and for its Answer to the Complaint for Damages states as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in paragraph 1 of the Complaint, which has the effect of denying same under F.R.C.P. 8.

2. Defendant admits it is a non-resident insurance company that is a resident of Maryland and is authorized to and does transact business in the State of New Mexico.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant DENIES the allegations contained in paragraph 4 of the Complaint.

### FACTS APPLICABLE TO ALL COUNTS

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in paragraph 5 of the Complaint, which has the effect of denying same under F.R.C.P. 8.

6. Objection is made to the allegations contained in paragraph 6 of the Complaint, on the grounds that the allegations call for a legal conclusion in violation of the Federal Rules of Civil Procedure. To the extent that an answer is warranted in response to said allegations, Defendant denies and demands strict proof thereof.

7. Objection is made to the allegations contained in paragraph 6 of the Complaint, on the grounds that the allegations call for a legal conclusion in violation of the Federal Rules of Civil Procedure. To the extent that an answer is warranted in response to said allegations, Defendant denies and demands strict proof thereof.

8. Objection is made to the allegations contained in paragraph 8 of the Complaint, on the grounds that the allegations call for a legal conclusion in violation of the Federal Rules of Civil Procedure. To the extent that an answer is warranted in response to said allegations, Defendant denies and demands strict proof thereof.

9. Objection is made to the allegations contained in paragraph 9 of the Complaint, on the grounds that the allegations call for a legal conclusion in violation of the Federal Rules of Civil Procedure. To the extent that an answer is warranted in response to said allegations, Defendant denies and demands strict proof thereof.

10. Objection is made to the allegations contained in paragraph 10 of the Complaint, on the grounds that the allegations call for a legal conclusion in violation of the Federal Rules of Civil Procedure. To the extent that an answer is warranted in response to said allegations, Defendant denies and demands strict proof thereof.

11. Objection is made to the allegations contained in paragraph 11 of the Complaint, on the grounds that the allegations call for a legal conclusion in violation of the Federal Rules of

Civil Procedure. To the extent that an answer is warranted in response to said allegations, Defendant denies and demands strict proof thereof.

12. Defendant DENIES the allegations contained in paragraph 12 and demands strict proof thereof.

13. Defendant DENIES the allegations contained in paragraph 13 and demands strict proof thereof.

14. Defendant DENIES the allegations contained in paragraph 14 and demands strict proof thereof.

15. Defendant DENIES the allegations contained in paragraph 15 and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

Discovery and investigation may reveal that one or more of the following defenses should be available to Defendant.  Defendant accordingly reserves the right to assert these separate defenses.  If the facts warrant, Defendant may withdraw any of these defenses.  Defendant further reserves the right to amend his answers and defenses, and to assert additional defenses and other claims, as discovery proceeds.  Further answering, and by way of defense, Defendant states as follows:

## SECOND AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Defendant states that Plaintiff's Complaint fails to state a claim for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Defendant did not proximately cause Plaintiff's injuries or damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

2019-0139

As a separate, alternative and affirmative defense, Defendant states the acts and omissions of certain non-parties to the lawsuit were the proximate cause of the occurrence and any alleged injuries or damages caused to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Defendant states that Plaintiff may have failed to mitigate his damages in this matter.

### SIXTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Defendant states that this Defendant did not breach a duty owed to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Defendant states that to the extent that Plaintiff's request for costs includes attorneys' fees, said relief is barred by the American Rule.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Defendant states that Plaintiff's damages, if any, were caused by one or more independent, intervening, or superseding causes for which Defendants are not responsible.

### NINTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Defendant states that Plaintiff's damages, if any, are duplicative of other damages claimed in this case, and violates the rule against double recovery.

### TENTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, none of the action or inaction by Defendants as alleged in the Plaintiff's Complaint, and which are specifically denied, state a cause

of action for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Plaintiff's claim for punitive damages is barred by the First, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, as well as Article II, section 10; Article II, section 13; and Article II, section 19 of the Constitution of the State of New Mexico.  Under the facts of this case a demand for punitive damages is not justified and an award of punitive damages would constitute a denial of equal protection, a denial of due process and/or the imposition of an excessive fine.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, Plaintiff's damages, if any, are limited in conformance with the policy of insurance.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, GEICO has fully complied with New Mexico law in its evaluation and handling of Plaintiff's Uninsured/Underinsured Motorists ("UM/UIM") coverage claims made in connection with the subject motor vehicle accident at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, alternative and affirmative defense, GEICO is entitled to challenge claims that are fairly debatable.

WHEREFORE, Defendant GEICO Advantage Insurance Company requests that this Court dismiss with prejudice the Complaint for Damages, and award costs and fees and such further and other relief as the Court deems proper.

## TRIAL BY JURY IS REQUESTED

Respectfully submitted,

2019-0139

6

           O'BRIEN & PADILLA, P.C.

           By: */s/     Jeffrey M. Mitchell*
               DANIEL J. O'BRIEN
               JEFFREY M. MITCHELL
               6000 Indian School Rd. N.E., Suite 200
               Albuquerque, NM 87110
               (505) 883-8181
               dobrien@obrienlawoffice.com
               jmitchell@obrienlawoffice.com
               *Attorneys for Defendant GEICO Advantage Insurance Co.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of December, 2020, the foregoing document was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Eva K. Blazejewski
Heather K. Hansen
BLAZEJEWSKI & HANSEN, LLC
2501 Rio Grande Blvd. NW, Suite B
Albuquerque, NM 87104
eva@blazehansenlaw.com
heather@blazehansenlaw.com
*Attorneys for Plaintiff*

*/s/ Jeffrey M. Mitchell*
JEFFREY M. MITCHELL

2019-0139