IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ORLOVSKY,

    Plaintiff,

vs.                                                         Civ. No. 1:20-cv-01357-KK-SCY

GEICO ADVANTAGE
rINSURANCE COMPANY,

    Defendant.

**PLAINTIFF'S MOTION TO REMAND**

COMES NOW John Orlovsky, by and through his Counsel of Record, BLAZEJEWSKI & HANSEN, LLC (Eva K. Blazejewski and Heather K. Hansen), and hereby respectfully requests that this Court Remand the present Complaint to the Second Judicial District of the State of New Mexico for adjudication, as described fully herein.

**PROCEDURAL BACKGROUND**

On or about May 29, 2019, John Orlovsky was injured when he was run over by Ethan Guido, an underinsured motorist. Mr. Orlovsky's injuries included a rotator cuff tear, which required surgical repair and a lengthy rehabilitation.

Mr. Orlovsky carries a policy of insurance with underinsured motorist benefits with GEICO. Prior to the inception of the present matter, Mr. Orlovsky made claim to the stacked underinsured motorist limits under his GEICO policy for his damages, including, but not limited to, punitive damages stemming from the underinsured tortfeasor's reckless, willful, and wanton negligence. When negotiations proved unfruitful, Mr. Orlovsky filed the present Declaratory Action in the Second Judicial District Court, State of New Mexico (Orlovsky v. GEICO

Advantage Insurance Company, D-202-CV-2020-06473). GEICO has removed that case to Federal Court, creating the present controversy.

## ARGUMENT

The issues raised in this matter sound solely in the application of state law. The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). However, the federal district courts have discretion to decline jurisdiction over a declaratory action in favor of a pending state court action addressing the same issues between the same parties. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942) (dismissing an insurer's lawsuit seeking declaratory judgment where insurer was a party to a parallel state court action). This discretion was confirmed in *Wilton v. Seven Falls Co.*, in which the Court affirmed the stay of a lawsuit seeking declaratory judgment on an insurance policy pending resolution of a subsequently-filed state court case. 515 U.S. 277, 288- 289 (1995) ("[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration"); *see also id*. at 287 ("[T]he Declaratory Judgment Act is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").

Federal courts are courts of limited jurisdiction; there is a general presumption against removal jurisdiction. *See Fajen v. Found. Reserve Ins*., 683 F.2d at 333; *Bonadeo v. Lujan*, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *4 (D.N.M. April 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."). The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d at 953. *See also*

*Bonadeo v. Lujan*, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").

Particularly in actions seeking declaratory relief under principles of state insurance law, federal courts may remand actions based upon abstention principles. *See, e.g., Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730-31, 116 S.Ct. 1712, 1723 1996); *Beach Cove Assocs. v. United States Fire Ins. Co.*, 903 F.Supp. 959, 962-63 (D.S.C. 1995); *Maryland Ins. Group v. Roskam Baking Co.*, 6 F.Supp.2d 670, 672-73 (W.D.Mi.1998). The abstention doctrine is not based upon a lack of subject matter jurisdiction or a defect in removal procedure – rather this type of abstention is based upon the federal court's inherent power and "'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary.'" *Quackenbush*, 517 U.S. at 718, 116 S.Ct. at 1718 (quoting *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500-01, 61 S.Ct. 643, 645 (1941)).

In deciding whether to abstain, courts typically balance the following factors:

> (a) the strength of the forum state's interest in having the issues raised in the federal action decided in the state's courts;
> (b) whether issues raised in the federal action can more efficiently be resolved in state court; and
> (c) whether permitting the federal action to go forward would result in "unnecessary entanglement" between federal and state court systems.

*See, e.g., Aetna Cas. & Sur. Co. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998). These factors are not exclusive, however, as district courts are also instructed to avoid needless determination of state law issues; discourage forum shopping or procedural fencing; and avoid duplicative litigation or potentially inconsistent results. *See, e.g., Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225* (9th Cir. 1998).

Notably, remand based upon abstention is especially appropriate in "insurance litigation" where declaratory relief is the exclusively remedy sought as to an insurer's obligations under an

insurance policy. See, e.g., *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283, 115 S.Ct. 2137, 2142 (1995); see also McCarran-Ferguson Insurance Regulation Act, 15 U.S.C. § 1012(a) ("The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business."). "[T]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations.'" *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995). The rule that "states [should] ha[ve] a free hand in regulating the dealings between insurers and their policyholders," *SEC v. National Securities, Inc.*, 393 U.S. 453, 459, 89 S.Ct. 564, 568 (1969), makes the "unnecessary entanglement" concerns particularly weighty in insurance coverage cases like this one.

This case involves application of state law to a New Mexico-underwritten insurance policy. New Mexico law as it regards insurance and contract apply. The issues involved in the present action can be litigated and adjudicated in state court just as well as it could be in federal court. In fact, state court is a more appropriate forum in which to decide these coverage issues, which will be governed by New Mexico law and public policy. *See Houston Gen. Ins. Co. v. American Fence Co.*, 115 F.3d 805, 806 (10th Cir. 1997) ("The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state"). State Farm can present the same defenses vis a vis the coverage questions in state court as it can in federal court, and it will be in the interest of judicial economy to address all of the claims arising from the insurance contract and the facts underlying this action in one proceeding.

## CONCLUSION

For the foregoing reasons, John Orlovsky respectfully requests that this Court REMAND this matter to the Second Judicial Court for adjudication, and for his attorney fees and costs associated with this Motion to Remand, and for any and all other such relief as this Court deems just and proper.

                          Respectfully submitted,

/s/Heather K. Hansen
Eva K. Blazejewski
Heather K. Hansen
Blazejewski & Hansen, LLC
2501 Rio Grande Blvd NW, Suite B
Albuquerque, New Mexico 87104
(505) 554-1660
(505) 393-4508 Facsimile
eva@blazehansenlaw.com
heather@blazehansenlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of January, 2021, the foregoing document was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

DANIEL J. O'BRIEN
JEFFREY M. MITCHELL
6000 Indian School Rd. N.E., Suite 200
Albuquerque, NM 87110
(505) 883-8181
dobrien@obrienlawoffice.com
jmitchell@obrienlawoffice.com
*Attorneys for Defendant GEICO Advantage Insurance Co.*

/s/Heather K. Hansen
HEATHER K. HANSEN